UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOSEPH VINCENT BRINGARD,

      Plaintiff,                            Case No. 1:07-CV-160

v.                                                  Hon. Robert J. Jonker

PATRICIA CARUSO, et al.,

      Defendants.
_____/

**<u>ORDER</u>**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 20) filed on January 8, 2008. On January 25, 2008, the Magistrate Judge entered an order (docket # 24) granting Plaintiff's motion for enlargement of time (docket # 21) and directing Plaintiff to file any objections to the Report and Recommendation by February 6, 2008. Plaintiff filed his Objection to the Report and Recommendation (docket # 25) on February 11, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct. As explained below, the Court also finds an additional reason (i.e., absolute immunity) to adopt the Report and Recommendation's recommended disposition with respect to Plaintiff's claims for injunctive relief.

The Report and Recommendation recommends that Plaintiff's request for additional discovery be denied and that Defendants' motion for summary judgment be granted. Plaintiff objects. He argues that (1) Rule 56(f) of the Federal Rules of Civil Procedure entitles him to additional discovery, (2) Defendants have failed to carry their initial burden under Rule 56(b), (3) Defendants violated his equal protection rights by treating him differently from crime victims and offenders whose victims have not filed a victim impact

statement, (4) Defendants violated his equal protection rights by enforcing a race-based quota, and (5) Defendants' application of three laws[1] violated the Ex Post Facto Clause.

*Discovery*

Rule 56 allows a nonmoving party to file a motion for additional time for discovery. FED. R. CIV. P. 56(f). But such a party does not have an "absolute right to additional time for discovery," and Rule 56(f) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 409 (6th Cir. 1998) (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)).

Plaintiff avers that he needs additional information such as declarations from former MDOC and parole board officials and the board's internal operating procedures to demonstrate a significant increase in the measure of punishment in support of the Ex Post Facto Clause claim; declarations and documents to demonstrate the increased weight given to crime victim's statements in the parole process; the production of the victims' statements in his case; sample cases of victims' statements in other cases; MDOC statistics on the parole rates by race of offender; sample cases of assaultive offenders by race; and exhibits that were not included in defendants' motions. (Pl.'s Aff. ¶¶ 2–8.)[2]

---

[1] Plaintiff argues that Defendants' application of MICH. COMP. LAWS § 791.231a, MICH. COMP. LAWS § 780.751–.775, and the guidelines promulgated under MICH. COMP. LAWS § 791.233e violated the Ex Post Facto Clause. He does not argue that the laws themselves violated the Ex Post Facto Clause.

[2] docket # 19-2.

The additional requested discovery would not allow Plaintiff to rebut Defendants' motion for summary judgment. First, as explained below the additional declarations, victim impact statements, and sample cases regarding victim-impact statements that Plaintiff seeks, no matter what their content, would not change the outcome of Plaintiff's ex post facto, due process, or victim-impact-statement-based equal protection claims. Second, the sample cases and statistics on race would be cumulative of evidence already submitted by Plaintiff and would, at most, further substantiate a disparate impact claim. But disparate impact is not purposeful discrimination, and the evidence would, therefore, not change the outcome of Plaintiff's race-based discrimination claim. As explained in the Report and Recommendation, Plaintiff has already had sufficient time to prepare materials to respond to Defendants' motion. In fact, he has submitted a voluminous response, including twenty-eight exhibits. He has not carried his burden of demonstrating that he cannot oppose the summary judgment motion by affidavit and that postponement of a ruling on the motion is necessary to enable him to rebut the motion.

### *Burdens Under Summary Judgment*

Despite Plaintiff's arguments to the contrary, Defendants have no greater burden as a party moving for summary judgment than that which they have already carried.

> *Celotex* made clear that Rule 56 does not require the moving party to negate the elements of the nonmoving party's case; to the contrary, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."

4

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990) (quoting *Celotex*, 477 U.S. 317, 323 (1986)); *see Edwards v. Aguillard*, 482 U.S. 578, 595 n.16 (1987) ("There is 'no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.'" (quoting *Celotex*, 477 U.S. at 323)).

Defendants, in their brief in support of their motion for summary judgment, state that "legally and factually there is no merit to [Plaintiff's claims]." They explain that Plaintiff's claims "are without merit as a matter of law." Their motion was thus "made and supported as provided in" Rule 56, "and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings" and "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324.

### *Due Process*

There is some confusion as to whether Plaintiff alleges a due process violation. To the extent that Plaintiff does allege that Defendants violated his due process rights, Defendants are entitled to summary judgment on the claim. Plaintiff has no liberty interest in being paroled; therefore he has no due process claim. *See Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006) ("Michigan law . . . does not create a liberty interest in the granting of parole. . . . Therefore, even if the Parole Board relied on inaccurate information to deny . . . parole, it did not violate any liberty interest protected by the United

States Constitution." (citations omitted)).  Because a Michigan prisoner has no liberty interest in parole, the parole board may, without violating due process, grant or deny parole for any permissible reason—*or for no reason at all*—and it may do so under any procedure it sees fit.  Under Michigan law parole is a matter of grace, not right.

### *Equal Protection*

#### *Victim Impact Statements*

Plaintiff argues that Defendants treat offenders whose victims oppose parole differently from crime victims and offenders whose victims do not oppose parole, and he concludes that this different treatment violates the Equal Protection Clause of the Fourteenth Amendment.  The central question in deciding an equal protection claim is whether a classification is justified by a sufficient purpose.[3]  This central question is answered by considering three composite questions.  First, what classification is being made?  Second, what level of scrutiny applies to that classification?  Third, does the complained-of action meet the level of scrutiny?  In this case, Plaintiff argues that the classification being made distinguishes between parole candidates with victim-impact statements and crime victims and parole candidates without such statements.  Plaintiff is adamant that rational-basis review is the appropriate level of scrutiny, and the Court

---

[3] *See generally* ERWIN CHEMERINSKY, CONSTITUTIONAL LAW § 9.1.2 (2d ed. 2002).

agrees.[4]  Thus the only question is whether Defendants' classification survives rational-basis review.

Rational basis is the lowest level of scrutiny.  Almost every classification satisfies rational-basis review.  A classification is constitutional under rational-basis review if it is rationally related to *any* legitimate government purpose.  Thus "if any state of facts reasonably can be conceived that would sustain [the classification], the existence of that state of facts . . . must be assumed. . . . One who assails the classification . . . must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78–79 (1911).  Under that standard, the narrow question in this case becomes whether there is no rational reason imaginable, no state of facts that can reasonably be conceived, justifying the classification

---

[4]Plaintiff argues that the Magistrate Judge's application of strict scrutiny in the Report and Recommendation is a "palpable misapprehension of law." (Pl.'s Objections 2.)  Strict scrutiny applies to classifications based on race, national origin, and alien status. *Wygant v. Jackson Bd. of Educ.*, 476 U.S. 267, 274 (1986); *Palmore v. Sidoti*, 466 U.S. 429, 432 (1984); *Graham v. Richardson*, 403 U.S. 365, 367 (1971).  It also applies to statutes that implicate fundamental rights. *E.g.*, *United States v. Carolene Prods. Co.*, 304 U.S. 144, 152 n.4 (1938).  Intermediate scrutiny applies to classifications based on sex and the marital status of a child's parents. *Clark v. Jeter*, 486 U.S. 456, 461 (1988); *Craig v. Boren*, 429 U.S. 190, 197 (1976).  Rational-basis review applies to all other classifications. *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).  Plaintiff does not allege a classification based on race, national origin, alien status, sex, or marital status of his parents.  Nor does Plaintiff allege the violation of a fundamental right because, as explained above, he has no fundamental right (i.e., no liberty interest) in parole.  Accordingly, rational-basis review applies.

that treats offenders whose victims oppose parole differently from crime victims and offenders whose victims do not oppose parole.

There is at least one rational reason for the classification. The classification arguably protects the rights of crime victims and gives meaning to their voice. The parole board would understandably treat an offender whose victim opposed parole differently from one whose victim did not oppose parole. And the board would undeniably have a rational reason for treating an offender differently from a victim. In both situations the board furthers the state's legitimate interest in protecting the health, safety, and welfare of crime victims who make it known that they still feel threatened or victimized by the convicted offender.

### *Race*

Plaintiff also argues that Defendants consider race in making their parole decisions, and that such consideration violates the Equal Protection Clause. Once again, the central question is whether a governmental classification is justified by a sufficient purpose. This time Plaintiff argues that the classification being made distinguishes between parole candidates based on their race. In order for strict scrutiny to apply, Plaintiff must do more than simply allege a racial classification. Plaintiff must go beyond that allegation and establish purposeful discrimination. *Washington v. Davis*, 426 U.S. 229, 242 (1976).

Not every state action that disadvantages a particular racial group violates equal protection. Disparate impact is not sufficient. *Id.* Disparate impact is not "irrelevant, but

8

it is not the sole touch stone of an invidious racial discrimination forbidden by the Constitution. Standing alone, it does not trigger . . . strict[] scrutiny." *Id.* More is needed: proof of *purposeful discrimination* is essential to establishing an equal protection claim based on denial of parole. Thus the question is whether Plaintiff has provided evidence such that a reasonable jury could find purposeful discrimination on the part of Defendants.

Plaintiff has not provided evidence of purposeful discrimination. Plaintiff's evidence is at most evidence of disparate impact. His list of seven black prisoners who received parole is not evidence of purposeful discrimination against white parole candidates. It is simply a list of people who received parole and who happened to be black. It says nothing of motive. It does not even come close to suggesting that the prisoners received parole *because* they were black. Nor is exhibit 25 to Plaintiff's response to Defendant's motion for summary judgment (docket # 19-7) evidence of discriminatory intent. That exhibit is an article explaining that the racial disparity in parole grants, to the extent there is one, could be the result of any number of factors. In fact, the article explains that the parole statistics might mislead a person to find a racial bias where none was present. Beyond Plaintiff's bare allegation, there is simply no evidence of purposeful discrimination against white parole candidates.

### *Ex Post Facto*

Plaintiff's remaining claims argue that Defendants applied new laws to retroactively increase his punishment in violation of the Ex Post Facto Clause. The Constitution

prohibits states from passing laws that, by retroactive application, increase the punishment for a crime after its commission. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). The dispositive question is whether a law has created "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 509 (1995).

The parole board's application of the three laws discussed in Plaintiff's brief has not created a significant risk of prolonged incarceration. The essence of parole in Michigan is discretion. Parole is a matter of grace, and the changes in law cited by Plaintiff simply inform the parole board's exercise of its discretion. The laws do not narrow that discretion by forcing the board to deny parole in more circumstances. They do not make any particular outcome more or less likely. They do not increase Plaintiff's risk of being denied parole. The parole board's discretion is just as broad now as it was then.

When Plaintiff committed his crime he submitted himself to a system under which his chances of parole were uncertain and subject to the discretion of the parole board. Similarly, Plaintiff submitted himself to a judicial system under which his ultimate sentence was uncertain and subject to the discretion of a judge. Plaintiff has no more an ex post facto claim if a new parole board were to utilize a new law to deny parole within the same realm of discretion that the board always had than if the "compassionate judge who presided over the district where he committed his crime were replaced, prior to the defendant's trial, by a so-called 'hanging judge.' Discretion to be compassionate or harsh

10

is inherent" in both schemes. *Garner v. Jones*, 529 U.S. 244, 258–59 (2000) (Scalia, J., concurring). Some of the procedures and factors that must be considered by the parole board have changed since Plaintiff was sentenced, but he faces the same discretionary system today that existed before the change in law that he cites. At most the change in law added additional uncertainty to the system; it did not make it more certain that his punishment would be increased. It did not, in other words, create a significant risk of prolonged incarceration.

### *Absolute Immunity*

Defendant parole-board members are entitled to absolute immunity. "[P]arole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (citing *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Walrath v. United States*, 35 F.3d 277, 281–82 (7th Cir. 1994); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992); *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988); *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 8 (1st Cir. 1987); *Anderson v. Boyd*, 714 F.2d 906, 908-10 (9th Cir. 1983)). Because that immunity extends to claims for damages *and injunctive relief*, Defendant parole-board members are immune from Plaintiff's claims for injunctive relief. *See id.* ("Absolute immunity bars not only [a] § 1983 claim for damages but also [a] claim

for injunctive relief. The 1996 amendments to § 1983 provide that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" (citing 42 U.S.C. § 1983)).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 11, 2008, is approved and adopted as the opinion of the Court. This Order supplements the reasoning of the Report and Recommendation and provides an additional ground (i.e., absolute immunity from a claim for injunctive relief) for granting summary judgment on Plaintiff's claims against the Defendant parole-board members for injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff's request for a continuance under Rule 56(f) (docket # 19) is DENIED and Defendants' motion for summary judgment (docket # 9) is GRANTED.


Dated:   April 17, 2008              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE